UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LYNDALE R. IVY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-00207-TWP-DML |
| | ) |
| GINGER J. BRADFORD, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on a Motion to Alter or Amend Judgment filed pursuant to Federal Rule of Civil Procedure 59(e) by Plaintiff Lyndale R. Ivy ("Ivy") (Filing No. 10). Ivy filed this lawsuit against Defendant Ginger J. Bradford ("Bradford") after Bradford, the Ripley Circuit Court Clerk, returned to Ivy his complaint that he sought to file in court against a fellow inmate. Bradford filed a Rule 12(b)(6) motion to dismiss (Filing No. 5), and shortly thereafter, Ivy filed a Rule 41(a)(1)(A)(i) notice of voluntary dismissal (Filing No. 7). The Court ruled upon the motion to dismiss filed by Bradford, dismissing with prejudice the federal claims and dismissing without prejudice the state law claims (Filing No. 8 at 5–6). The Court also entered Final Judgment on the same day (Filing No. 9). Sixteen days later, Ivy filed his Motion to Alter or Amend Judgment. For the following reasons, the Court **grants** Ivy's Motion.

### I.    LEGAL STANDARD

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be

successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II.    DISCUSSION

Ivy asks the Court to alter or amend the Entry Granting Motion to Dismiss as well as the Final Judgment to the extent that they dismiss Ivy's federal claims with prejudice. Ivy asserts that his Rule 41(a)(1)(A)(i) notice of voluntary dismissal specifically noted that his dismissal should be without prejudice.

Upon further review of the Federal Rules of Civil Procedure and the relevant case law, the Court concludes that it made a mistake of law, and Ivy's Motion is well-taken. Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion

for summary judgment." Rule 41(a)(1)(B) notes that "the dismissal is without prejudice." The Seventh Circuit has explained,

> [T]he general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt. Thus the plaintiff can dismiss without the court's permission, and without prejudice to his being able to bring a new suit, if the defendant has not yet answered the complaint or moved for summary judgment.

*McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985).

Courts have concluded that the filing of a Rule 12(b)(6) motion to dismiss does not deprive a plaintiff their right to take a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). *See Bos. Fish Mkt., Inc. v. EMS-USA Insulated Doors, Inc.*, 2013 U.S. Dist. LEXIS 77429, at *2 (N.D. Ill. June 3, 2013) (Rule 12(b)(6) motion to dismiss denied as moot where the plaintiffs filed a voluntary dismissal after the defendants' motion to dismiss was filed; voluntary dismissal was without prejudice); *see also Leveston v. Moynihan*, 2017 U.S. Dist. LEXIS 218163, at *3–4 (N.D. Ill. Dec. 13, 2017) (holding motion for voluntary dismissal properly construed as self-executing notice of voluntary dismissal under Rule 41(a)(1)(A)(i); the filing of a Rule 12(b)(6) motion generally does not terminate a plaintiff's right to dismiss an action voluntarily without the defendant's signature under Rule 41(a)(1)(A)(i); a Rule 12(b)(6) motion is not a responsive pleading); *Marques v. FRB*, 286 F.3d 1014, 1016–17 (7th Cir. 2002).

Bradford never filed an answer or a motion for summary judgment in this case. Thus, under Rule 41(a)(1), Ivy was permitted to voluntarily dismiss his action without a court order and without prejudice. Ivy did just this. Therefore, the Court determines that the relief Ivy seeks in his Motion is warranted.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ivy's Motion to Alter or Amend Judgment ([Filing No. 10](#)). The Court's Entry Granting Motion to Dismiss ([Filing No. 8](#)) and the Final Judgment ([Filing No. 9](#)) dated November 24, 2020 are hereby **VACATED**. Ivy's Notice of Voluntary Dismissal without prejudice ([Filing No. 7](#)) is **acknowledged**, and this federal action is **closed** effective the date of this Order.

**SO ORDERED.**

Date:  2/3/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Lyndale R. Ivy
5087
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Douglas Alan Hoffman
CARSON LLP
hoffman@carsonllp.com